IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FELTON WILLIAMS,<br><br>      **Plaintiff,**<br><br>v.<br><br>C/O VAN PRATT, M. ORTIZ, C/O SANCHEZ, SGT. MIKUTIS, T. WLODARSKI, JANE DOE #1, JANE DOE #2, JANE DOE #3, DESAI, NURSE SUEZAN, LT. RATILBURGER, LT. SIMMONS, LT. MERCURIAL, LT. STROKA, SGT. AGNEW, C/O ADCOCK, and C/O ADAM,<br><br>      **Defendants.** | 25-940-SMY<br><br><br>Case No. 25-cv-459-RJD |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

      Plaintiff Felton Williams, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Cook County Department of Corrections and Pinckneyville Correctional Center. In the Complaint (Doc. 1), Williams alleges that officials at the Cook County Department of Corrections were deliberately indifferent to his need for medical treatment and used excessive force. Williams also alleges that officials at Pinckneyville Correctional Center were deliberately indifferent to his need for medical care. Williams recently filed a motion seeking a physical examination pursuant to Federal Rules of Civil Procedure 35 (Doc. 11).

1

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

On May 20, 2024, while at the Cook County Department of Corrections, Williams presented to several unknown nurses about lice and/or scabies (Doc. 1, p. 13). He asked for treatment, but they refused to take a skin sample or culture; nor would they look at the insects under a magnifying glass. Williams alleges that the nurses ignored basic standards for identifying and treating lice/scabies (*Id*.). Williams alleges that the facility was not equipped to handle the condition, but the nurses did not want to admit their inabilities and, instead, became argumentative (*Id*.). The nurses' actions caused Officer Van Pratt to intervene and physically attack Williams (*Id*.). Williams contends that he did not resist Van Pratt; instead, Van Pratt merely failed in his attempted take down (*Id*.). Correctional Officer Ortiz and Correctional Officer Sanchez also participated in the attack

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

(*Id*.). Ortiz sprayed Williams with pepper spray and Sanchez assisted in the physical take down (*Id*.).

Sometime after the attack, Sergeant Mikutis and Sergeant Wlodarski decontaminated Williams and interviewed him about the attack (Doc. 1, p. 13). Williams denied that he instigated the attack, but he was still sent to segregation and punished for the incident (*Id*.).

Williams later transferred to Pinckneyville Correctional Center (Doc. 1, p. 13). At Pinckneyville, Williams has experienced similar issues with medical staff treating his lice/scabies (*Id*.). He alleges that "medical staff" refused to put him in to see the doctor or physician assistant (*Id*. at pp. 13-14). He also alleges that staff manipulated his medical records, indicating that they did not see any insects on his skin (*Id*. at p. 14). He alleges that prison medical staff are not equipped to handle his condition, and they refuse to send Williams out of the prison for medical care (*Id*.). He notes that several Jane Doe Nurses tried to label his issues as mental health related rather than admit that he was infected with scabies (*Id*.).

Williams also alleges that correctional officers have told him that no one at Pinckneyville will help him with his medical condition because of his criminal case (Doc. 1, p. 14). Williams's criminal case involved law enforcement, and he alleges that officers have harassed him because of his criminal case (*Id*.). Williams argues that he does have scabies and received some treatment while on a writ to Stateville Correctional Center. Williams notes that on October 21, 2024, he received some medication, but he believes it was ineffective because he still feels insect bites (*Id*.).

## Discussion

Williams alleges violations of his constitutional rights while at two different facilities, Cook County Department of Corrections and Pinckneyville Correctional Center. As a result, the Court must determine whether the claims are improperly joined and subject to severance or dismissal. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Federal Rules of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Under Rule 20, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *George*, 507 F.3d at 607. Rule 21 grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

The claims at Cook County and Pinckneyville involve different defendants, different occurrences, and took place at different times. Although Williams alleges that he was denied treatment for scabies at both facilities, his requests for care from the nurses at Cook County are unrelated to the care that he received at Pinckneyville. Further, Williams alleges that officers at Cook County used excessive force, an entirely separate claim. Accordingly, consistent with *George* and Federal Rules of Civil Procedure 20 and 21, the Court will sever the potential claims that occurred at Cook County against Van Pratt, M. Ortiz, I. Sanchez, C/O Mikutis, T. Wlodarski, Jane Doe #1, Jane Doe #2, and Jane Doe #3 into a new lawsuit. Venue for federal civil rights actions brought under 42

4

U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b) under which such actions may be brought only in (1) the judicial district where any defendant resides (if all defendants reside in the same State), (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action, if there is no district in which the action may otherwise be brought. Because a substantial part of the events or omissions giving rise to Williams's claims took place in Cook County, the appropriate forum for the adjudication of those claims is the federal judicial district for the Northern District of Illinois, Eastern Division. 28 U.S.C. § 93(a)(1). Thus, the Court will **SEVER** Williams's claims which took place in Cook County and **TRANSFER** the newly opened case to the Northern District of Illinois, Eastern Division, as set forth below.

As to Williams's remaining allegations against officials at Pinckneyville, Williams fails to state a claim. Williams identifies two nurses as defendants, Nurse Desai and Nurse Suezan, but he fails to include any allegations against them in the statement of his claim. Instead, he alleges that "medical staff" refused to let him see a doctor or refer him for outside care. He also alleges that "other Jane Doe Nurses" manipulated his medical records (Doc. 1, p. 14). He fails to identify these medical staff or Jane Doe Nurses, nor does he indicate that these officials were one of the named defendants. Williams may certainly proceed against identified John/Jane Does (*i.e.*, John Doe #1, John Doe #2), but he only refers to medical staff and nurses. These claims are too generic to survive threshold review as Williams fails to describe the staff members or even state the number of them.

Similarly, Williams refers generally to officers who harassed him or failed to provide him with care due to his criminal case. He does not describe the officers, label them as individual John Does, or even describe how many officers he encountered at Pinckneyville. He lists several named officers as defendants (Doc. 1, pp. 6-9), but fails to include any allegations against them in his statement of claim.

Thus, Williams fails to state a claim against any of the defendants at Pinckneyville. His remaining claims are **DISMISSED without prejudice**. He is **GRANTED** leave to file an Amended Complaint. Williams is reminded that a successful complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Williams's amended pleading should indicate who he spoke to about his condition, either by name or John/Jane Doe designation, when he spoke to them, what care he sought, and how the defendants were deliberately indifferent to his medical condition. His motion for a physical examination (Doc. 11) is **DENIED** as premature.

### Motion for Counsel

In addition to his Complaint, Williams filed a motion seeking the recruitment of counsel for his case (Doc. 3). But given the early stage of the litigation process, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the

plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, Williams notes that he has some high school education (Doc. 3, p. 2) and his Complaint was legible and easy to understand. Thus, the Court finds Williams capable of submitting an Amended Complaint on his own. His motion for counsel (Doc. 3) is **DENIED**.

## Disposition

For the reasons stated above, the claims against Van Pratt, M. Ortiz, I. Sanchez, C/O Mikutis, T. Wlodarski, Jane Doe #1, Jane Doe #2, and Jane Doe #3 are **SEVERED** into a new case. The Clerk of Court is **DIRECTED** to file the following documents in that case:

- This Memorandum and Order;
- The Complaint (Doc. 1); and
- Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2).

Once the Clerk of Court has opened the new case, **IT IS THEREFORE ORDERED** that, pursuant to 28 U.S.C. §§ 1391(b) and 1404(a) and on the Court's own motion, that the new action be **TRANSFERRED** to the United States District Court for the Northern District of Illinois, Eastern Division.

As to the remaining claims and defendants in this case, Williams fails to state a claim. His Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **June 13, 2025.** Should he fail to file his First

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Williams's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Williams must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Williams is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: May 14, 2025.**

*/s/ Reona J. Daly*
**REONA J. DALY**
**U.S. Magistrate Judge**